# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TYRONE REYNOLDS

**DEFENDANTS**
EVOQUA WATER TECHNOLOGIES, LLC

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights / [ ] 555 Prison Condition / [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1981, TITLE VII, ADA, PHRA, PMMA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/06/2026
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 4450 Township Line Road, Skippack, Pennsylvania 19474

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☒ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TYRONE REYNOLDS | : | CIVIL ACTION |
| v. | : | |
| EVOQUA WATER TECHNOLOGIES, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (☑)


| 02/06/2026 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE REYNOLDS,  *Plaintiff,* | : <br> : <br> : |
| v. | :    CIVIL ACTION NO._____ <br> : |
| EVOQUA WATER TECHNOLOGIES, LLC,  *Defendant.* | : <br> : <br> : <br> : |

**COMPLAINT AND JURY DEMAND**

**I.      PRELIMINARY STATEMENT:**

1.      This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Tyrone Reynolds ("Plaintiff"), a former employee of the Defendant, Evoqua Water Technologies, LLC ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.      This action is brought under 42 U.S.C. §1981 ("§1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA"), and the Pennsylvania Medical Marijuana Act, 35 P.S. §10231.2103 et seq. ("PMMA").

**II.     JURISDICTION AND VENUE:**

3.      The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on §1981, Title VII, and the ADA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA and PMMA.

1

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action. On January 12, 2026, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III. **PARTIES**:

6. Plaintiff, Tyrone Reynolds ("Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 211 Cowpath Road, Souderton, Pennsylvania 18964.

7. Defendant, Evoqua Water Technologies, LLC ("Defendant"), is a corporation dually organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein at 4450 Township Line Road, Skippack, Pennsylvania 19474.

8. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined by §1981, Title VII, the ADA, the PHRA, and the PMMA, and has been, and is, subject to the provisions of each said Act.

### IV. **STATEMENT OF FACTS**:

10. Plaintiff was hired by Mar Cor Purification, the Defendant's predecessor, in or around December 2013. Thereafter, in or around January 2022, the Defendant acquired Mar Cor Purification, and Plaintiff became employed by the Defendant.

11. Throughout his employment with Mar Cor Purification and the Defendant, Plaintiff held the position of Service Technician, and at all times maintained a satisfactory job performance in said role.

12. By way of background, Plaintiff suffers from arthritis of the lumbar spine. Said medical condition constitutes a disability within the meanings of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), in that it substantially impairs one or more of Plaintiff's major life activities, including, but not limited to, bending and lifting.

13. On or about September 9, 2022, Plaintiff slipped and fell on a wet roof during a work assignment. As a result, Plaintiff began experiencing exacerbated symptoms of his disability, including acute lumbar pain and muscle spasms.

14. Immediately thereafter, Plaintiff notified Defendant of his injuries and sought medical treatment. Plaintiff's treating physician recommended that he undergo physical therapy treatment, which he began attending on a weekly basis before work. At all times thereafter, Defendant perceived Plaintiff to be disabled.

15. In or around November of 2022, despite undergoing weeks of physical therapy treatments, Plaintiff continued to suffer from back pain and dizziness. Plaintiff's physician attributed his dizziness to general anxiety disorder, and prescribed Plaintiff medication to treat the symptoms of the same. Plaintiff's physician also prescribed pain management medication.

16. Thereafter, Plaintiff tried various prescription medications to treat his anxiety symptoms. However, Plaintiff suffered from severe side effects from the medications, resulting in his inability to continue the same.

17. In or around May of 2023, Plaintiff received approval for a medical marijuana card, and began using medical marijuana as treatment for ongoing pain and anxiety relating to his disabilities.

18. On or about January 22, 2024, Scott Nichols ("Nichols"), Supervisor, notified Plaintiff that he was required to undergo a drug screening. Plaintiff complied with Nichols' directive on or about January 26, 2024.

19. On or about February 6, 2024, the laboratory engaged by Defendant notified Plaintiff that he had failed his drug screening due to evidence of marijuana in his system. On the same date, Plaintiff notified Nichols of the results of his drug screening and disclosed to Nichols his medical marijuana cardholder status.

20. On the same date, Nichols and Todd Anderson ("Anderson"), Supervisor, suspended Plaintiff's employment in connection with his failed drug screening.

21. Thereafter, on or about February 9, 2024, Defendant terminated Plaintiff's employment, allegedly based on the results of his drug screening.

22. Plaintiff believes and avers that no legitimate business reason existed for the termination of his employment and that Defendant actually terminated his employment based on his race (African-American), his actual and/or perceived disabilities and/or record of impairment, and/or his medical marijuana cardholder status.

23. As evidence thereof, in or around January 2022, Matt Frantz ("Frantz") and William Janda ("Janda") both Caucasian, non-disabled individuals, failed drug screenings due to the presence of marijuana in their systems. However, Defendant did not similarly terminate, or even discipline, Frantz or Janda based on their failed drug screenings.

24. Moreover, following the termination of Plaintiff's employment, Marc Marinari ("Marinari"), a Caucasian, non-disabled Service Technician with a history of substance abuse was not required to undergo a drug screening after he was involved in a multi-vehicle accident in a company vehicle.

### COUNT I
### (42 U.S.C. §1981 - Race Discrimination)
### Plaintiff v. Defendant

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth at length herein.

26. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on his race, constituted a violation of 42 U.S.C. §1981.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

28. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 42 U.S.C. §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
### (Title VII - Race Discrimination)
### Plaintiff v. Defendant

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth at length herein.

30. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on his race, constituted a violation of Title VII.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

32. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (ADA – Disability Discrimination, Failure to Accommodate)
### Plaintiff v. Defendant

33. Plaintiff incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on his actual and/or perceived disabilities and/or record of impairment, and failing to reasonably accommodate Plaintiff's disabilities, constituted violations of the ADA.

35. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT IV
### (PHRA – Race Discrimination, Disability Discrimination, Failure to Accommodate)
### Plaintiff v. Defendant

37. Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

38. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on his race and his actual and/or perceived disabilities and/or record of impairment, and in failing to reasonably accommodate Plaintiff's disabilities, constituted violations of the PHRA.

39. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

40. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT V
### (PMMA – Discrimination)
### Plaintiff v. Defendant

41. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth at length herein.

42. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination based on his status as a medical marijuana user, constituted a violation of the PMMA.

43. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PMMA, Plaintiff has sustained permanent and irreparable harm, resulting in the termination of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

44. As further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PMMA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

      d.      Defendant pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

      e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

THE GOLD LAW FIRM, P.C.

By: /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

DATED: February 6, 2026

## **VERIFICATION**

    I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 02/05/2026

*Tyrone Reynolds*
Tyrone Reynolds (Feb 5, 2026 15:09:21 EST)
TYRONE REYNOLDS PLAINTIFF